```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


IN RE: BEXTRA AND CELEBREX        )
MARKETING, SALES PRACTICES AND    )
PRODUCTS LIABILITY LITIGATION     )
                                  )
DAVID AULBER,                     )
                                  )
            Plaintiff,            )
                                  )
        vs.                       )    No. 4:07-mc-00309 CEJ
                                  )
MONSANTO CO., et al.,             )
                                  )
            Defendants.           )
```

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of movant Liberty Mutual Group to quash a subpoena by defendant Pfizer, Inc. Pfizer has not responded to the motion, and the time allowed for doing so has expired.

Liberty Mutual is a workers' compensation carrier for plaintiff David Aulber's employer. Liberty Mutual is not a party to the underlying action. The subpoena served by Pfizer seeks "[a]ny and all records including, but not limited to, all claims, logs, correspondence, notations, reports, and documents pertaining to" the worker's compensation file of plaintiff. Liberty Mutual states that the workers' compensation case is still open, and the file contains correspondence and notations between movant's attorneys and their case handler. Liberty Mutual objects that the subpoena thus seeks information that is subject to both work product and attorney-client privilege. Liberty Mutual further argues that the

worker's compensation file contains confidential medical records that are subject to the protections of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191 (1996), 110 Stat. 1938 (codified in scattered sections of Titles 18, 26, 29, and 42, United States Code). Liberty Mutual maintains that the medical records alternatively could be obtained directly from plaintiff's medical providers.

**Discussion**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1), Fed.R.Civ.P. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. However, "even if relevant, discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 935 (8th Cir. 1999), quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). "Concern for the burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Id. at 927, quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).

A district court shall quash or modify a subpoena if the subpoena requires disclosure of privileged or protected material, and no exception or waiver applies. Rule 45(c)(3)(A)(iii),

Fed.R.Civ.P.; see also Pointer v. DART, 417 F.3d 819, 821 (8th Cir. 2005).

**Work Product and Attorney-Client Privilege**

"The work-product doctrine not only protects from discovery materials obtained or prepared in anticipation of litigation, but also the attorney's mental impressions, including thought process, opinions, conclusions, and legal theories." Shelton v. American Motors Corp., 805 F.2d 1323, 1328 (8th Cir. 1986), citing Hickman v. Taylor, 329 U.S. 495, 511 (1947). "Work product is not discoverable unless the party seeking discovery has a substantial need for the materials and cannot obtain the substantial equivalent through other means." PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 817 (8th Cir. 2002), citing Rule 26(b)(3), Fed.R.Civ.P.; additional citation omitted.

Liberty Mutual alleges that some materials in the worker's compensation file are privileged and protected work product. Defendant Pfizer has not argued otherwise, nor has it referred the Court to any applicable exception or waiver. Accordingly, the Court will quash the subpoena of the workers' compensation file as it relates to the work product and attorney-client materials therein.

**HIPAA**

Liberty Mutual further states that the medical records sought by the subpoena are subject to HIPAA. Pfizer again does not dispute the allegation.

HIPAA prohibits the wrongful disclosure of individually identifiable health information, subject to some exceptions. 42 U.S.C. § 1320d-6. The HIPAA implementing regulations provide:

> Individually identifiable health information is information that is a subset of health information, including demographic information collected from an individual, and:
>
> > (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual. . . . and (I) that identifies the individual; or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

45 C.F.R. § 160.103. The Court finds that the information requested from Liberty Mutual includes individually identifiable health information.

The regulations apply to a covered entity, defined as a health plan, a health care clearinghouse, or a health care provider who transmits any health information in electronic form. 45 C.F.R. § 160.103. A covered entity may be a business associate of another covered entity. Id. A business associate of a covered entity includes persons who perform a "function or activity involving the use or disclosure of individually identifiable health information," including claims processors and administrators, data analysts, processors, and administrators, utilization reviewers, as well as those whose work involves "quality assurance, billing, benefit management, practice management and repricing." 45 C.F.R. § 160.103. Business associates also include persons who provide "legal, actuarial, accounting, consulting, data aggregation,

4

management, administrative, accreditation, or financial services to or for such covered entity, or to or for an organized health care arrangement in which the covered entity participates, where the provision of the service involves the disclosure of individually identifiable health information from such covered entity or arrangement." Id.

Liberty Mutual is a workers' compensation carrier for plaintiff's employer, and as such, the provision of its services involves the disclosure of sensitive health information. Thus, the provisions of HIPAA apply to Liberty Mutual.

Under HIPAA implementing regulations, a covered entity "may disclose protected health information . . . [i]n response to a subpoena, discovery request, or other lawful process" if the party seeking the information provides the covered entity with "satisfactory assurance" that the individual who is the subject of the information has been notified of the request, or the party has made "reasonable efforts. . . to secure a qualified protective order." 45 C.F.R. § 164.512(e)(1)(ii).

Pfizer has not indicated that it assured Liberty Mutual that it notified plaintiff of the request for his medical records, nor has Pfizer shown that it has made reasonable efforts to secure a protective order for those records. Additionally, Pfizer has not explained its need for the medical records contained in plaintiff's workers' compensation file maintained by Liberty Mutual. Pfizer has not alleged that it cannot obtain the medical records or their equivalent from alternative sources, such as plaintiff's medical

5

providers. The Court will grant movant's request to quash the subpoena of plaintiff's workers' compensation file.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of non-party Liberty Mutual Group to quash [# 1] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2007.